

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONG YI and EDGAR MARTINEZ, Individually and on behalf of all other similarly situated, ) ) ) ) ) | |
| Plaintiffs ) | No. 04 C 3138 |
| ) | |
| v. ) | Paul E. Plunkett, Senior Judge |
| ) | |
| STERLING COLLISION CENTERS, INC., ) ) ) | |
| Defendant. ) ) | |

## MEMORANDUM OPINION AND ORDER

On May 17, 2006, we granted Sterling Collision Centers' ("Defendant") motion for summary judgement against Edgar Martinez and Dong Yi, et al ("Plaintiffs"). Defendant filed a timely bill of costs on June 14, 2006. Before us now is Plaintiffs' opposition to the amount that Defendant seeks to recoup. Plaintiffs contend Defendant may not recover court reporter appearance fees, that the copy fees exceeded the authorized copy rate, that Defendant requested extra copies of discovery documents out of convenience, rendering them non taxable. For the reasons stated below, Plaintiff's opposition to Defendant's bill of costs is granted, and Defendant may recover statutory costs in the total amount of $11,268.62 against Martinez, Yi and all participating class members.

1

## Discussion

In civil rights cases, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. There is no dispute that Defendant prevailed in this suit. Our task then is to determine what "a reasonable attorney's fee" is in this case. "The most useful starting point for determining the amount of a reasonable fee," the Supreme Court tells us, "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). Defendant seeks to recover $4,748.00 for court reporter fees for transcripts, $150.00 for fees of the clerk, $698.23 for witness fees, $16,003.80 for exemplification and copies of papers and $200.00 for other costs totaling $21,800.03. Plaintiff contends that the court reporter appearance fees are not recoverable, the transcript fees exceed the judicially established rate, the extra copies were not necessary and that all class members that opted into the lawsuit should be jointly responsible for the fees.

The costs recoverable under Rule 54(d) are circumscribed by statute and include:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

We may award costs under Rule 54(d) if there is statutory authority for them and they are reasonable and were necessary to the litigation. The costs Defendant seeks to recover for the court reporter, transcripts and photocopies of court documents are authorized by the statute and were necessary to the litigation. The only question is whether they are reasonable.

First as to the court reporter fees, although court reporter transcript costs are taxable, court reporter appearance fees are not. *Engate v. Esquire Deposition SVCS, LLC*, 2006 U.S. Dist. LEXIS 25927, 01 C 6204, *9 (N.D. Ill. 2006). Defendant has asked for reimbursement for reporter fees for only three of its nine depositions. Because that fee is not recoverable, the reimbursement for court reporter fees will be reduced by $180 for Matthew C. Bloom, $120 for Edgar Martinez and $120 for Dong Yi, totally $ 4,748.00.

Second, Plaintiffs challenge Defendant's request for transcript fees. Local Rule 54.1(b) mandates that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time of the transcript or deposition was filed unless some other rate was previously provided for by order of court." The current rate, in effect when the depositions in this case were taken, is $3.30 per page for an original transcript and $0.83 per page for a transcript copy.

Plaintiffs contend that the transcript fee for Edgar Martinez and Dong Yi and the copies of six other transcripts exceed the permitted rates. Martinez's deposition consists of 132 pages and Yi's deposition is 117 pages. Also, the number of pages for the other depositions in question is as follows: Paul Blaski-78 pages; Michael Giarizzo-177 pages; Brian Gibbs-83 pages; Paul Oyer-223 pages; James Pederson-153 pages; and Cary Schwartz-149 pages. In compliance with the judicially set rate, we have recalculated the transcript costs and will award the following: $435.60 (132 x

3

$3.30) for Martinez; $386.10 (117 x $3.30) for Yi; $64.74 (78 x $.83) for Blaski; $146.91 (177 x $.83) for Giarizzo[1]; $68.89 (83 x $.83) for Gibbs; $185.09 (223 x $.83) for Oyer; $126.99 (153 x S.83) for Pederson; and S123.67 (149 x $.83) for Schwartz.

Third, Defendant seeks $16,003.80 for copies of papers necessarily obtained for use in the case. Plaintiff argues that the copies were not necessary and were only for the convenience of the attorneys. Defendant may recover costs for two copies of briefings or documents filed with the court and one copy for opposing counsel. *See Rogers v. City of Chicago*, No. 02-C2227, 2002 WL 423723, at *5 (N.D. Ill. March 15, 2002). However, if the copies are not for court documents, the fee is not always taxable. They are only allowable under Section 1920(4), if it is established that the copy was reasonably necessary to the litigation. U.S.C. § 1920(4) (stating "[f]ees for exemplification and copies of papers necessarily obtained for use in the case" are taxable). Thus, the copies for the discovery documents will only be awarded if Defendant shows us that the copies were reasonable and necessary.

Here, Defendant indicates that the copies were not for briefings or court documents, but, rather, were for copies of document requests and responsive pleadings. Defendant has not provided the Court a detailed receipt to show that the copies were for court documents, nor has it offered any explanation as to the necessity and reasonableness of the copies. As support for the fee, Defendant only provides letters that were sent between counsels, requesting certain discovery documents.

---

[1] Defendant did not indicate the number of pages in this deposition, but Plaintiffs say that they reviewed the deposition and supplied the correct number of pages. Although we believe that we have the discretion to deny a request for costs where the prevailing party fails to provide information necessary to determining whether the request is reasonable, we have decided to allow Plaintiff's tabulation of the number of pages to stand. *See Shah v. Vill. of Hoffman Estates*, No. 00-C4404, 2003 WL 21961362, at *1 (N.D. Ill. 2003) ("Where a party seeking costs fails to specifically identify the number of pages in a requested transcript, no costs will be awarded.").

4

Therefore, we grant Plaintiff's request to reduce the $16,003.80 requested copy fee to half, or $8001.90.[2]

Finally, Plaintiffs request a determination as to who the bill of costs will affect. Plaintiffs argue that all opt-in members of their class stood to reap the benefits of the suit and should therefore also be responsible for the costs assessed against Plaintiffs. The Seventh Circuit tells us that to relieve all members of a class, who have affirmatively "opted-in," of an obligation to pay attorney's fees would put an unfair risk on the named plaintiffs. *White v. Sundstrand Corp.*, 256 F.3d 580, 586 (7th Cir.) (stating that to require the named plaintiffs to carry all the risk but not all of the benefits is an unfair burden and that making the named plaintiffs bear the costs of litigation will lead to the demise of class actions.) We cannot force the fees onto a prevailing defendant or plaintiff's attorney, nor can we hold class members that did not initiate the suit and incur the costs as liable. *Id.* That is not the case here. There was a formal opt-in process and those individuals who have affirmatively decided to enter the class have been afforded the due process in order to make an informed decision whether to join or opt-out of the class. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). All Plaintiffs who opted-in supported the cause and were willing to benefit from a victory and must now bear, as a group, the costs assessed against them. Therefore, we believe the judgement for Defendant's fees and costs are entered against the named Plaintiffs' Martinez and Yi, as well as the entire opt-in class members.

---

[2] We believe that we also have the discretion to strike the discovery document copy cost in its entirety. *Pruitt v. City of Chicago*, 2005 WL 2483355, No. 03 C 2877, *2 (7th Cir. 2005)(stating that where the prevailing party does not offer an explanation as to why copies of non court documents were necessary, the costs should be stricken from the bill.). However, we believe Plaintiff has fairly concluded that meeting between the two is more appropriate.

## Conclusion

Based upon the foregoing, the Court awards Defendant $150 for fees of the clerk, $2218.49 for transcript and court reporter fees, $698.23 for witness fees, $8,001.90 in copy fees, and $200.00 in other costs, for a total of $ 11,268.62.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: AUG 4 2006